**Kenneth Alvin HENDERSHOTT,
Petitioner—Appellant,**

v.

**Joan PALMATEER, Superintendent,
Oregon State Penitentiary,
Respondent—Appellee.**

No. 01–35439.

D.C. No. CV–99–00220–HJF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2002.

Decided May 31, 2002.

Before TROTT and T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

## MEMORANDUM **

Kenneth Hendershott ("Hendershott") appeals the district court's denial of his 28 U.S.C. § 2254 petition. He contends that he suffered Sixth Amendment and due process violations stemming from an asserted conflict of interest with his trial attorney. Because the state court rulings at issue were neither contrary to nor an unreasonable application of clearly established federal law, we affirm (*see* 28 U.S.C. § 2254(d)(1)).

■ Despite the district court's conclusion that Hendershott's conflict-of-interest claim was not procedurally defaulted (ER 243–44), there is substantial ground for finding such default. Although Hendershott did raise that claim in his original pro se petition for state post-conviction relief ("PCR"), he likely waived the claim by failing to reassert it in his amended PCR petition (Or.Rev.Stat.138.550(3)).[1] And Palmateer's failure to object to the federal magistrate judge's finding that the claim was not procedurally defaulted or to cross-appeal when the district court adopted that finding does not amount to a waiver of the argument that Hendershott waived the conflict claim (*see Jones v. Wood*, 207 F.3d 557, 562 n. 2 (9th Cir. 2000)). While failure to object to a magistrate judge's recommendation waives all objections to findings of fact, objections to legal conclusions (such as whether a claim was procedurally defaulted) are not similarly waived. But whether Hendershott has avoided procedural default has no ultimate bearing on the outcome of this appeal, for his claims fail on the merits anyway.

■ To establish that his Sixth Amendment rights were violated, Hendershott must show that "an actual conflict of interest adversely affected his lawyer's performance" (*Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). Hendershott's cited authorities are readily distinguishable from this case and have not convinced us that his having written to the state bar association about perceived problems with his appointed lawyer's handling of his case creates an actual conflict of interest (cf., e.g., *United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir.1998)).

■ But even if we were to assume the existence of an actual conflict, Hendershott's failure to make the required adverse-effect showing is dispositive. To clear that "substantial hurdle" (*Maiden v. Bunnell*, 35 F.3d 477, 481 (9th Cir.1994)), a claimant must show "that some effect on counsel's handling of particular aspects of the trial was 'likely'" (*United States v. Christakis*, 238 F.3d 1164, 1170 (9th Cir. 2001), quoting earlier caselaw). Here Hendershott's attempts to show adverse effect are foreclosed by the state PCR court's extensive findings of fact, which are

---

* The Honorable Milton I. Shadur, Senior District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. That statute provides in relevant part:
   All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.
   It is conventional wisdom that any amended pleading supersedes its predecessor, and the statute's use of "original or amended" does not call for a different result here.

given deference unless based on an unreasonable determination of the facts in light of the evidence presented—as they are not in this instance (*Ainsworth v. Woodford,* 268 F.3d 868, 873 (9th Cir.2001)).[2]

Further, the record does not support Hendershott's alternative claim that he was denied effective assistance of counsel because an irreconcilable conflict resulted in the complete breakdown of the attorney-client relationship. An on-the-record hearing conducted by the state court adequately determined that Hendershott's trial lawyer's representation comported with constitutional standards (*see Schell v. Witek,* 218 F.3d 1017, 1026 (9th Cir.2000), holding that the ultimate question in reviewing denial of a Section 2254 petition was not whether the state court erred in handling a substitution motion, but rather whether any error actually resulted in representation that fell short of Sixth Amendment standards). So even if Hendershott were correct in urging that his claim should more properly be analyzed under *Holloway v. Arkansas,* 435 U.S. 475, 484, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) than under *Cuyler,* he would still fail because the state court, through the on-the-record hearing, satisfied its obligation "either to appoint separate counsel or to take adequate steps to ascertain whether the risk was too remote to warrant separate counsel" (*id.*).

Finally, we decline to review the evidentiary hearing claim asserted in Hendershott's pro se supplemental brief to this Court because he did not ask the district court to certify that issue for appeal and the issue is not in fact specified in the certificate of appealability (*Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999)

(per curiam)). Although "due process violation" is a certified issue, the due process violation on which Hendershott was found to have made a substantial showing related to the asserted conflict of interest and not to improper destruction of evidence (ER 265–66, 269).

AFFIRMED.

---

2. Two of the most significant findings are (SER 12, 16):

    16. Petitioner failed to demonstrate by credible evidence in this proceeding that

additional investigation would have assisted his defense.

    40. Petitioner's testimony in this proceeding is not credible.